IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY D. FORSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:11-0109 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| | ) | |
| DERRICK SCHOFIELD, TDOC | ) | |
| COMMISSIONER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon the pro se Plaintiff's "Emergency Application for Preliminary Injunction and Temporary Restraining Order." Docket No. 4. Defendants have not yet been served and have not filed a Response. There is no indication on the Docket that Plaintiff has yet returned the completed service packets or that process has issued to Defendants. See Docket No. 10.

Plaintiff's claims in this action have previously been discussed in Judge Campbell's Order entered February 24, 2011. Docket No. 10. In the instant Motion, Plaintiff seeks a preliminary injunction and TRO that would order Defendants to:

1. Cease and desist from engaging in all continuing forms of retaliation, intimidation, harassments, threats, assaults, acts of torture, cruelty, abuse, or mistreatment to Plaintiff;

2. Cease and desist from engaging in all continuing customs or practices which fail to protect Plaintiff from imminent harm or danger;

3. Cease and desist from engaging in the continuing custom or practice in permitting correctional officers, kitchen stewards, or any individual to be able to exactly identify the food tray that Plaintiff will receive during meal times;

4. Cease and desist from engaging in the continuing custom or practice of subjecting any of Plaintiff's witnesses, inmates or correctional staff to retaliation, intimidation, harassment, threats, assaults, acts of torture, abuse, cruelty or mistreatment;

5. Cease and desist from engaging in the continuing custom or practice which permits correctional staff to blatantly disregard Plaintiff's access to the courts and also permits the untimely processing of legal or administrative requests;

6. Cease and desist from engaging in the continuing or practice in denying Plaintiff adequate medical care from a medical specialist to treat him for his serious health ailments.

The Sixth Circuit applies a four-factor test for determining the propriety of issuing a preliminary injunction: (1) whether the movant has shown a strong or substantial likelihood of probability of success on the merits; (2) whether the movant has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *Mason County Med. Ass'n v. Knebel,* 563 F.2d 256, 261 (6th Cir. 1977). Plaintiff did not file a memorandum of law with the Motion as required by Local Rule 7.01(a), and Plaintiff has not addressed how these factors in the case at bar.

For the foregoing reasons, Plaintiff's "Emergency Application for Preliminary Injunction and Temporary Restraining Order" (Docket No. 4) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge