IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTHONY D. FORSTER,                )
                                   )
        Plaintiff,                 )
                                   )
                                   )
vs.                                )    CASE NO.  3:11-0109
                                   )    JUDGE CAMPBELL/KNOWLES
                                   )
                                   )
DERRICK SCHOFIELD, TDOC            )
COMMISSIONER, et al.,              )
                                   )
        Defendants.                )

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion for Summary Judgment filed by an entity that is not a named party in this action, Correctional Medical Services ("CMS"). Docket No. 84. Plaintiff has sued Desiree Andrews, a CMS employee, in her "official capacity" as the Health Service Administrator for Riverbend Maximum Security Institution. Because Plaintiff sues Defendant Andrews only in her official capacity, CMS argues that Defendant Andrews "stands in the shoes" of CMS and that CMS is the proper Defendant. CMS has contemporaneously filed a supporting Memorandum of Law (Docket No. 84-1), and a Statement of Undisputed Facts (Docket No. 85). CMS has additionally filed the Affidavits of Desiree Andrews (Docket No. 84-2), and Dr. Inocentes Sator (Docket No. 84-3).

Plaintiff has not responded to the instant Motion.

Plaintiff, an inmate at the Riverbend Maximum Security Institution ("Riverbend"), filed

1

this pro se action pursuant to 42 U.S.C. § 1983, alleging violations of his First and Eighth Amendment rights. Docket No. 1. Plaintiff's claims in this action have been extensively discussed in a Report and Recommendation submitted by the undersigned on October 17, 2011. Docket No. 95.

Defendant CMS filed the instant Motion and supporting materials arguing that it is entitled to summary judgment because it can be held liable under §1983 only if its policies, practices, or customs caused a violation of Plaintiff's constitutional rights. CMS argues that, because Plaintiff has not even alleged that its policies, practices, or customs caused a violation of his constitutional rights, it cannot be held liable. Docket No. 84-1.

Defendant also argues that, although Plaintiff complains that Defendant Andrews' decisions and lack thereof violated his Eighth Amendment right to medical care, Plaintiff did receive medical care, and Defendant Andrews, as the Health Service Administrator for Riverbend Maximum Security Institution, did not have policymaking authority in the areas of medical treatment or sick call. *Id.* CMS contends that Defendant Andrews' lack of policymaking authority in these areas prevents the imputation of liability to it. *Id.*

Finally, CMS argues that the Eighth Amendment's subjective prong requires Plaintiff to allege facts that, if true, would show that Defendant Andrews, as the official being sued, actually perceived facts from which to infer a substantial risk of harm to Plaintiff, that she did, in fact, draw the inference, and that she then disregarded the risk. *Id.* Defendant contends that, because Plaintiff was offered and received medical treatment, he cannot satisfy the requirements of the subjective prong. *Id.*

For the following reasons, the undersigned recommends that the instant Motion be

2

GRANTED.

## II. Facts[1]

Plaintiff sues Defendant Andrews in her official capacity only. Docket No. 1. Defendant Andrews is employed by CMS as the Health Service Administrator at Riverbend. Docket No. 84-2, Affidavit of Desiree Andrews ("Andrews Aff."), ¶ 2. She is the only Defendant named in this lawsuit who is employed by CMS. *Id.*, ¶ 10. As the Health Service Administrator, Defendant Andrews is not a medical professional, is not involved in making medical decisions, has no control over the medical decisions made by the medical professionals, has no authority to issue instructions regarding medical care, and has no supervisory authority over the medical professionals at Riverbend. *Id.*, ¶¶ 2, 6, 9.

Plaintiff, like the other inmates, is seen at sick call if he signs up the day before. *Id.*, ¶ 5. The nurse goes to the Unit for sick call each day if inmates have signed up. *Id.* Defendant Andrews does not establish the time for the nurses to go to the Unit for sick call. *Id.*, ¶ 7. The nursing staff makes such decisions based on the needs at the clinic. *Id.*

Defendant Andrews is not involved in training the correctional officers at Riverbend, and does not have supervisory authority over them, as the correctional officers are not CMS employees. *Id.*, ¶ 8.

Defendant Andrews has never instructed the medical professionals to deny medical care to Plaintiff, nor does she have the authority to issue such instructions. *Id.*, ¶ 6. Defendant Andrews has also not issued any directives to cut costs by denying needed medical care, nor does she have the authority to issue such directives. *Id.*, ¶ 11.

---

[1]The following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

Defendant Andrews has not authorized anyone to falsify files, nor is she aware of files being falsified. *Id.*, ¶ 12. Moreover, because records regarding when the nurse saw Plaintiff at sick call are medical records, Defendant Andrews does not have the authority to direct changes in medical records, nor has she directed anyone to make changes to medical records. *Id.*

CMS does not have a policy, custom, or procedure of denying reasonably necessary medical treatment to save money; nor does CMS have a policy, custom, or procedure of denying reasonably necessary medical treatment to inmates for any other reason. *Id.*, ¶ 4.

Plaintiff has been offered and received medical care by the medical professionals at Riverbend. Docket No. 84-3, Affidavit of Dr. Inocentes Sator, and Ex. A, attached thereto.

### III.  Analysis

#### A.  Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on July 5, 2011. Docket No. 84. Plaintiff has failed to respond to Defendant's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth

> by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

## B. Motion for Summary Judgment

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond to the Motion. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings,

5

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

### C. 42 U.S.C. § 1983 / Eighth Amendment

Plaintiff alleges violations of his First and Eighth Amendment rights pursuant to 42 U.S.C. § 1983.[2]  *See* Docket No. 1.  Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).  The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for

---

[2] Plaintiff's First Amendment claims are inapplicable to the instant Defendant and pending Motion.  Accordingly, the undersigned will not address them herein.

7

the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104. The Supreme Court explained that "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed," it states a claim under § 1983. *Id.* at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, therefore, are not required to prove they suffer from an actual

physical injury.  *Boretti v. Wiscomb*, 930 F.2d 1150, 1155 (6th Cir. 1991) (*citing Parrish*, 800 F. 2d at 610).  At the very least, however, plaintiffs must allege unnecessary pain or suffering due to prison officials' deliberate indifference.  *Id*.

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm."  *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993).  However, there must be a showing of deliberate indifference to an inmate's *serious* medical needs.  *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (emphasis added) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)).  In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference."  *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted).  The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?"  *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer*, 511 U.S. at 837, 844).

**D.  The Case at Bar**

The instant Motion comes before the Court in an unusual procedural posture, having been filed by an entity that is not a named party to this action.  As discussed above, CMS reasons that, because Defendant Andrews has been sued only in her official capacity and because she is an employee of CMS, "this lawsuit is against CMS."  Docket No. 84-1.  The Court has been involved with many similar pro se prisoner cases, in which an individual defendant has been sued in his or her official capacity, and in which summary judgment motions have been filed by the named defendant employee.  To the undersigned's best recollection, this is the first such case

in which the employee's non-party employer has purported to file a Motion for Summary Judgment on its own behalf. Typically, the motion is filed by the defendant employee, who makes essentially the same arguments that the employer would have made.

Fed. R. Civ. P. 56(a) begins with the following language, "A *party* may move for summary judgment . . . ." (Emphasis added.) While the Rule does not specifically say that *only* a party can move for summary judgment, the Court is reluctant to endorse a process that would result in an "automatic" substitution of a party or entry of a party into a case and in non-parties' being able to file such motions in pending cases.[3]

The Federal Rules allow joinder of parties in some instances (*e.g.*, Rules 19, 20), but CMS has not sought to intervene under those Rules.

Fed. R. Civ. P. 21 provides, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Under the circumstances, the Court deems it appropriate to join CMS as a party, and the Court will consider the Motion for Summary Judgment as having been filed on behalf of both CMS and Defendant Andrews.

As has been noted, Plaintiff alleges that Defendant Andrews violated his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. As an initial matter, the undisputed facts demonstrate that Plaintiff was offered and received medical care. Additionally, it is undisputed that Defendant Andrews is being sued in her official capacity as the Health Service Administrator of Riverbend, employed by Defendant CMS. As the Health Service

---

[3] There are situations in which non-parties can file motions, but these situations are generally authorized by a specific Rule. For example, a third party who is served with a subpoena can file a motion to quash it, pursuant to Rule 45(c)(3). A non-party deponent can file a motion for protective order, pursuant to Rule 30(d)(3)(A).

Administrator, Defendant Andrews is not a medical professional, is not involved in making medical decisions, has no control over the medical decisions made by medical professionals, has no authority to issue instructions regarding medical care, and has no supervisory authority over the medical professionals at Riverbend. It is further undisputed that Defendant Andrews has never instructed medical professionals to deny medical care to Plaintiff, has not issued any directives to cut costs by denying needed medical care, and has not directed or authorized anyone to change medical records or falsify files. Finally, it is undisputed that Defendant CMS does not have a policy, custom, or procedure of denying reasonably necessary medical treatment to save money or for any other reason.

Plaintiff has failed to adduce any evidence whatsoever to demonstrate that Defendants Andrews or CMS violated his constitutional rights. Accordingly, Plaintiff cannot sustain his claim.

Moreover, Plaintiff cannot sustain his claim against Defendant CMS because § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

## IV. Conclusion

For the foregoing reasons, the undersigned concludes that there is no genuine issue as to any material fact, and that Defendants Andrews and CMS are entitled to a judgment as a matter of law. Therefore, the undersigned recommends that Defendant CMS' Motion for Summary Judgment (Docket No. 84) be GRANTED, and that this action be dismissed with prejudice as to

11

Defendant Andrews and as to Defendant CMS.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge