IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTHONY D. FORSTER,            )
                               )
         Plaintiff,            )
                               )
                               )
vs.                            )    CASE NO. 3:11-0109
                               )    JUDGE CAMPBELL/KNOWLES
                               )
                               )
DERRICK SCHOFIELD, TDOC         )
COMMISSIONER, et al.,          )
                               )
         Defendants.           )

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion for Summary Judgment filed by Defendants Schofield and Colson. Docket No. 111. Defendants have contemporaneously filed a supporting Memorandum of Law (Docket No. 112), and two Statements of Undisputed Material Facts (Docket Nos. 113, 116). Defendants have additionally filed their Affidavits. Docket Nos. 114, 115.

Plaintiff has not responded to the instant Motion or to the Statements of Undisputed Material Facts.

Plaintiff, an inmate at the Riverbend Maximum Security Institution ("Riverbend"), filed this pro se action pursuant to 42 U.S.C. § 1983, alleging violations of his First and Eighth Amendment rights. Docket No. 1. Plaintiff's claims in this action have previously been discussed in Judge Campbell's Order entered February 24, 2011. Docket No. 10.

1

Defendants Schofield and Colson filed the instant Motion and supporting materials arguing that they are entitled to summary judgment because there is no *respondeat superior* liability under § 1983, and because Plaintiff has failed to allege sufficient personal involvement by them. Docket No. 112. Defendants also argue that Plaintiff's Complaint should be dismissed because it "states only conclusory allegations," which are insufficient to state a claim. *Id.* Defendants further argue that the "policies" of which Plaintiff complains do not exist, and that they have not issued any directives to deny Plaintiff medical treatment, to disregard prison medical policies and procedures, or to cut costs so as to deny Plaintiff adequate medical care. *Id.* Finally, Defendants argue that, to the extent that Plaintiff alleges claims on behalf of other inmates, he lacks standing to do so. *Id.*

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED.

## II. Facts[1]

Defendant Schofield is the Commissioner of the Tennessee Department of Correction. Docket No. 115, Affidavit of Defendant Schofield ("Schofield Aff."), ¶ 1. Defendant Schofield has not issued directives: (1) to deny Plaintiff medical treatment; (2) for his subordinates to disregard prison medical policies or procedures; or (3) to cut costs denying adequate medical care to Plaintiff. *Id.*, ¶¶ 2-4. Defendant Schofield did not authorize his subordinates to falsify Plaintiff's institutional files and records regarding sick call. *Id.*, ¶ 5. Defendant Schofield has had no personal involvement in the issues raised in Plaintiff's Complaint. *Id.*, ¶ 6.

Defendant Colson is the Warden at Riverbend Maximum Security Institution. Docket

---

[1]The following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

No. 114, Affidavit of Defendant Colson ("Colson Aff."), ¶ 1. Plaintiff has had access to emergency medical care 24 hours per day, 7 days per week, pursuant to TDOC Policy 113.30. *Id.*, ¶ 2. Also pursuant to TDOC Policy 113.30, Plaintiff, as a segregated inmate, receives daily visits, 7 days per week, from health care staff. *Id.*

Defendant Colson has not issued directives: (1) to deny Plaintiff medical treatment; (2) for his subordinates to disregard prison medical policies or procedures; (3) to cut costs denying adequate medical care to Plaintiff; or (4) to deem all of Plaintiff's grievances "non-emergency." *Id.*, ¶¶ 3-6. Defendant Colson did not authorize his subordinates to falsify Plaintiff's institutional files and records regarding sick call. *Id.*, ¶ 7.

There is no "warden directive" not to copy Plaintiff's legal papers, comply with internal library policies, or allow Plaintiff access to legal materials 3 times per week. *Id.*, ¶ 8. Additionally, the Warden's office does not have a practice prohibiting Plaintiff from using the inmate portable and staff telephones for emergency legal matters, pursuant to TDOC Policy 501.02. *Id.*, ¶ 9.

Defendant Schofield has had no personal involvement in the issues raised in Plaintiff's Complaint. *Id.*, ¶ 10.

### III. Analysis

**A. Local Rules 7.01(b) and 56.01(c) and (g)**

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely

3

response shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on December 14, 2011. Docket No. 111. Plaintiff has failed to respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
> . . .
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Statements of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

## B. Motion for Summary Judgment

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The

> Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to

5

that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C.  42 U.S.C. § 1983

Plaintiff alleges violations of his First and Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is

clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**D.  The Case at Bar**

As has been noted, Plaintiff alleges that Defendants violated his First and Eighth Amendment rights pursuant to 42 U.S.C. § 1983.  As an initial matter, the undisputed facts demonstrate that, pursuant to TDOC Policy 113.30, Plaintiff had access to emergency medical care 24 hours per day, 7 days per week, and that Plaintiff received daily visits, 7 days per week, from health care staff.  It is further undisputed that Defendants have not instructed medical professionals to deny medical care to Plaintiff; have not issued any directives that subordinates should disregard prison medical policies and procedures; have not issued any directives to cut costs by denying needed medical care; and have not directed or authorized anyone to falsify Plaintiff's medical records or files.

Additionally, it is undisputed that the Defendant Colson, as Warden, did not issue directives to deem all of Plaintiff's grievances as "non-emergency"; to refuse to copy Plaintiff's legal papers; to refuse to comply with internal library policies; or to refuse to allow Plaintiff to access legal materials 3 times per week.  It is also undisputed that the Warden's office does not have a practice prohibiting Plaintiff from using the inmate portable and staff telephones for emergency legal matters, pursuant to TDOC Policy 501.02.

Section 1983 does not permit the imposition of liability based upon *respondeat superior*, and it is undisputed that Defendants did not have any personal involvement in the issues raised in Plaintiff's Complaint.  *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981).  *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037,

7

56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

Because Plaintiff has failed to adduce any evidence in a form required by Fed. R. Civ. P. 56 to demonstrate that his constitutional rights were violated, and because it is undisputed that Defendants did not have any personal involvement in the issues raised in Plaintiff's Complaint, there is no dispute as to any material fact, and Defendants are entitled to a judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED.[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[2] Defendants Schofield and Colson are the only remaining Defendants. The undersigned notes that although Gayle Ray is listed as a Defendant on the Docket sheet, she is not mentioned as a party in Plaintiff's Complaint, nor has she been served. With the adoption of this Report and Recommendation, all Defendants in this action will have been terminated as parties.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge